IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MUSTAFA OJONUBA JIBRIN,

    Plaintiff,
v.	CASE NO. 1:19-cv-155-MW-GRJ

UNIVERSITY OF FLORIDA
POLICE DEPARTMENT,
*et al*.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* Complaint and has been granted leave to proceed as a pauper. ECF Nos. 1, 6. The Court concluded that the original complaint failed to state a claim upon which relief may be granted and ordered Plaintiff to file an amended complaint. ECF No. 6. This case is now before the Court for screening of Plaintiff's amended complaint, ECF No. 7, under 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). For the following reasons, the Court concludes that Plaintiff's claims are due to be dismissed pursuant to 28 U.S.C § 1915(e)(2).

## I. <u>Allegations of Amended Complaint</u>

Plaintiff alleges that the Court has jurisdiction over his claims pursuant to 42 U.S.C. § 1983.  Plaintiff's claims stem from his arrest by the University of Florida Police Department (UFPD) following a domestic incident in which his wife was the alleged victim.  According to the allegations of the amended complaint, Plaintiff was arrested on October 8, 2018, by UFPD Officer Michael Mayall on a complaint by the victim that he attempted to strangle and falsely imprisoned her. Plaintiff asserts that Officer Mayall "was not present on the scene of [the] alleged crime . . . and there was no arrest warrant issued for my arrest". ECF No. 7 at 7.  Plaintiff claims that officers at the scene did not see any evidence of strangulation.  Plaintiff alleges that another UFPD officer on the scene, Officer C.S. Holway, "ordered that a heavily edited audio recording, recorded by my wife without my consent using my phone, be forwarded to him."   Plaintiff claims that his Fourth Amendment rights were violated when the recording was used in the prosecution against him.   *Id.*

Plaintiff alleges that the day after his arrest State Attorney William P. Cervone filed two felony charges against him.  Plaintiff alleges that there was no probable cause for the charges.  Plaintiff was released on bond on October 24, 2018.  He states that the false-imprisonment charge was "discontinued," and the felony charge of strangulation was subsequently

prosecuted as a misdemeanor by Assistant State Attorney Madeline Grippin. The case was dismissed in January 2019. *Id.* at 8.

Plaintiff claims that the charges against him were "malicious" and intended to cause him harm. He claims that he was racially profiled. Plaintiff claims that Officer Holway, to whom the victim gave the audio recording, violated his Fourth Amendment right to be free of unlawful search and seizure. He claims that defendants William Cervone and Madeline Grippin maliciously prosecuted him, and that Officer Mayall falsely arrested and maliciously prosecuted him. Plaintiff seeks compensatory damages of $100 million dollars and punitive damages of $10 million dollars. *Id.* at 11-12.

## II. **Standard of Review**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). The plaintiff must allege facts showing an affirmative causal connection between each individual defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986). If a plaintiff cannot satisfy these requirements or fails to provide factual allegations in support of his

claim, the complaint is subject to dismissal. *Id.* at 737-38; *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

A. **Prosecutorial Immunity**

State Attorney Cervone and Assistant State Attorney Grippin are immune from suit because prosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution. *Jones v. Cannon*, 174 F.3d

1271, 1281 (11th Cir. 1999). Such absolute immunity extends to a prosecutor's "acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* (citations omitted).  Additionally, actions under § 1983 preserve the common law principle that a prosecutor was absolutely immune from suit for malicious prosecution. *Hart v. Hodges,* 587 F.3d 1288 (2009); *see Hendrickson v. Cervone*, Case No. 1:14-cv-179-MW-GRJ, 2015 WL 925517, at *4 (N.D. Fla. Mar. 3, 2015), *aff'd*, 661 Fed. Appx. 961 (11th Cir. 2016) (unpublished).

The allegations of the amended complaint reflect that the actions of Cervone and Grippin were undertaken in their roles as advocates for the state, and there are no factual allegations suggesting otherwise.  Thus, Plaintiff's claims against Cervone and Grippin are barred by prosecutorial immunity.

## B.  Claims Against UFPD Officers

Plaintiff's remaining claims allege that Officer Mayall falsely arrested and prosecuted him and that Officer Holway violated his Fourth Amendment rights in connection with the search or seizure of the audiotape made by the victim.

To state a claim for false arrest/imprisonment, a plaintiff must allege facts showing: (1) that he was detained; and (2) that the detention was

unlawful. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process") (citations and emphasis omitted). "The proper inquiry in a Section 1983 claim based on false arrest is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir.1988). "When an officer has probable cause to believe a person committed even a minor crime, the balancing of private and public interests is not in doubt and the arrest is constitutionally reasonable." *Virginia v. Moore*, 553 U.S. 164, 171 (2008).

Thus, to succeed on a false arrest claim a Plaintiff must allege facts showing that the arresting officer did not have probable cause for the arrest. The standard for determining whether probable cause exists in the Eleventh Circuit is the same standard under Florida law – whether "'a reasonable man would have believed [probable cause existed] had he known all of the facts known by the officer.'" *United States v. Ullrich*, 580 F.2d 765, 769 (5th Cir. 1978), *quoting State v. Outten*, 206 So.2d 392, 397 (Fla. 1968).

To establish a federal malicious-prosecution claim under § 1983, the plaintiff must allege facts showing a violation of his Fourth Amendment right

to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution.  *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).  Under Florida law, a Plaintiff must establish six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present Plaintiff was commenced or continued; (2) the present Defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a *bona fide* termination of that proceeding in favor of the present Plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present Defendant; and (6) Plaintiff suffered damages as a result of the original proceeding.  *See*, *e.g.*, *Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002) (citing *Burns v. GCC Beverages, Inc.*, 502 So.2d 1217 (Fla.1986)).

In this case, Plaintiff's false arrest and malicious prosecution claims both fail on the probable-cause element.  Plaintiff asserts that Officer Mayall "was not present on the scene of [the] alleged crime . . . and there was no arrest warrant issued for my arrest". ECF No. 7 at 7.  Plaintiff claims that officers at the scene did not see any evidence of strangulation on the victim, and he conclusionally asserts that the officers lacked probable cause to arrest him.  *Id.* at 8.  However, Plaintiff has alleged no facts suggesting that it was *unreasonable* for UFPD officers to arrest him based

upon the victim's complaint.  It is well established that police officers may generally rely on eyewitness accounts and victim statements to establish probable cause. *See Rankin v. Evans*, 133 F.3d 1425, 1441 (11th Cir. 1998) ("[A]n officer is entitled to rely on a victim's criminal complaint as support for probable cause."). *See also Myers v. Bowman*, 713 F.3d 1319, 1323, 1326–27 (11th Cir. 2013) (finding a theft victim's complaint sufficient to establish probable cause); *Jordan v. Mosley*, 487 F.3d 1350, 1353, 1355 (11th Cir. 2007) (eyewitness statements led an objectively reasonable officer to believe the plaintiff committed a crime); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684–85 (11th Cir. 1995) (finding probable cause based on the "victim's complaint and his identification" with other eyewitnesses statements).

This Court may take judicial notice of the criminal proceedings underlying Plaintiff's present civil claims.  *See Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984) (Court may take judicial notice of state court criminal proceedings in subsequent § 1983 case even where parties did not make them part of the record) (citing *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir.1976)).  The proceedings in *State of Florida vs. Mustafa Ojonuba Jibrin,* Case No. 2018 CF 3495 (8th Jud.Cir., Alachua County), include an "Arrest Form" and affidavit executed by Officer Mayall on October 8, 2018, the day of Plaintiff's arrest.  Officer Mayall attested that according to the

victim's statements, the victim and Plaintiff "got into a physical argument" and Plaintiff allegedly "strangled her with one hand and intentionally pushed her head into a child's painting easel where a screw was sticking out.  [The victim] received a laceration above the right eye approximately 2 inches in length."  According to Mayall's affidavit, the victim also related that Plaintiff insinuated that violence would take place later if she attempted to leave their residence.  *Jibrin,* Case No. 2018 CF 3495 (docket entry 10/9/18).

Thus, in addition to failing to allege facts suggesting that Officer Mayall acted unreasonably in determining that he had probable cause to arrest Plaintiff, the Court may take judicial notice that the underlying criminal proceedings establish that a reasonable person would have believed probable cause existed for Plaintiff's arrest.  *See Ullrich*, 580 F.2d at 769. The failure to allege facts showing a lack of probable cause for the arrest is fatal to Plaintiff's false-arrest and malicious-prosecution claims.

To the extent that Plaintiff attempts to establish a Fourth Amendment claim against Officer Holway in connection with the cell phone recording made by the victim, his claim also fails.  According to Plaintiff's allegations, the victim made the recording and provided it to law enforcement, and thus his allegations support a conclusion that the recording would have been admissible pursuant to a Fourth Amendment exception such as the

independent source doctrine.  *See* ECF No. 7 at 7.  In any event, the recording is not referenced in Officer Mayall's description of the probable cause for Plaintiff's arrest and it was never used in Plaintiff's criminal prosecution because the case was dismissed when the victim could not be located by the State.  *See State of Florida v. Mustafa Ojonuba Jibrin,* Case No. 2018-MM-3250 (docket entry 1/15/19).  Under these circumstances, Plaintiff has failed to allege facts showing that he suffered any actual, compensable injury as a result of the alleged Fourth Amendment violation.  *Heck v. Humphrey,* 512 U.S. 477, 487 n.7 (1994) ("In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury[.]").  Plaintiff has therefore failed to state a cognizable Fourth Amendment claim for relief.

### III.  Recommendation

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 25th day of October 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.